UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEERA JENNINGS,<br><br>                        Plaintiff,<br><br>      v.<br><br>IQ DATA INTERNATIONAL INC,<br><br>                        Defendant. | CASE NO. 3:22-cv-05092-RJB<br><br>ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS |

This matter comes before the Court on Defendant IQ Data International, Inc.'s Motion for Judgment on the Pleadings. Dkt. 12. The Court has considered the pleadings filed regarding the motion and the file herein.

## I.   FACTS

Filed on February 15, 2022, the Plaintiff's Complaint asserts that the Defendant is a debt collector who hired a third party vendor to send her a letter about a debt she allegedly owed. Dkt. 1 at 2. She contends that the Defendant disclosed her personal information, including the fact that the Plaintiff owed a debt, to that third party vendor so the vendor could send the letter. *Id.* The issues here are raised by this language in the Plaintiffs Complaint:

ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS - 1

In an attempt to collect the debt, Defendant sent Plaintiff a collection letter dated July 8th, 2021.

The letter was not sent from Defendant itself; Defendant utilized a third-party vendor to send the letter.

In doing so, Defendant disclosed Plaintiff's personal information to a third party in violation of the FDCPA, including the fact that Plaintiff owed a debt.

Dkt. 1 at 2.

The Plaintiff asserts a single claim for a violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692c(b). *Id.* This provision of the FDCPA prohibits a debt collector from communicating "with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector" about a debt without the prior consent of the consumer. § 1692c(b). The Plaintiff seeks statutory damages, costs, and attorneys' fees. Dkt. 1 at 3.

Defendant now moves to dismiss the Plaintiff's Complaint arguing that she does not have standing to bring a claim based on a statutory violation because she has not suffered a concrete harm. Dkt. 12. The Plaintiff opposes the motion (Dkt. 17) the Defendant has filed a reply (Dkt. 18) and the motion is ripe for decision. Trial is set to begin on June 5, 2023.

## II. DISCUSSION

### A. STANDARD FOR MOTION TO DISMISS

Although the Defendant brought the motion pursuant to Fed. R. Civ. P. 12(c), a motion to dismiss based on lack of Article III standing (as is asserted here) is properly asserted under Fed. R. Civ. P. 12(b)(1). Accordingly, the motion should be analyzed pursuant to Fed. R. Civ. P. 12(b)(1).

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* e.g. 28 U.S.C. § 1331 (federal question jurisdiction) and § 1346 (United States as a defendant).

### B. PLAINTIFF'S STANDING TO BRING HER FDCPA CLAIM

"[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies. One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013)(*internal quotation marks and citations omitted*). "A plaintiff seeking to establish standing must show that: (1) he or she has suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision." *W. Watersheds Project v. Grimm*, 921 F.3d 1141, 1146 (9th Cir. 2019). The only portion of standing at issue here is the first element – whether the Plaintiff has suffered a concrete injury in fact.

The Defendant contends that the Plaintiff has not suffered a concrete injury based on the statutory violation alone. "Certain harms readily qualify as concrete injuries under Article III. The most obvious are traditional tangible harms, such as physical harms and monetary harms."

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021)(*holding* plaintiffs lacked standing because they alleged a statutory violation of improper formatting in required disclosures under the Fair Credit Reporting Act but no other injury).  The Plaintiff here does not claim any traditional tangible harms.  That is not required, however.  "Various intangible harms can also be concrete. Chief among them are injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts. Those include, for example, reputational harms, disclosure of private information, and intrusion upon seclusion." *Id.*  Congress's views on what constitutes a harm, expressed in the form of a statute, may be "instructive." *Id.*  A plaintiff does not, however, automatically satisfy the "injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 2204-05.  "Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 2205.  An "injury in law is not an injury in fact." *Id.*

      As the party invoking federal jurisdiction, the Plaintiff bears the burden of demonstrating that she has standing. *TransUnion* at 2207.  "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [the court] presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022).

      The Plaintiff argues that her FDCPA injury here has a "close relationship" to invasion of privacy harms traditionally recognized as providing a basis for lawsuits in American courts like common law tort claims for disclosure of private information, known as "publicity given to private life," and for intrusion upon seclusion.  Dkt. 17.  Indeed, one of the principle purposes of

the FDCPA is to prevent "[a]busive debt collection practices [that] contribute to . . . invasions of individual privacy." 15 U.S.C. § 1692(a).

An "exact duplicate" of a traditionally recognized claim is not required. *TransUnion* at 2207. However, the statutory harm alleged by the Plaintiff and the traditional tort claim's harm must bear a "close relationship." *Id*. This opinion will now examine the traditional torts identified by the Plaintiff to see if they do, indeed, bear a "close relationship" to her injury.

Restatement (Second) of Torts § 652D (1977), "Publicity Given to Private Life," provides:

> One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that:
>
> (a) would be highly offensive to a reasonable person, and
>
> (b) is not of legitimate concern to the public.

The Plaintiff has shown that the harm she alleges here, that of invasion of privacy in the form of a vender for a debt collector having information about an alleged debt so that it could send her a letter, is sufficiently similar to the tort of Publicity Given to a Private Life, such that injuries from both bear a "close relationship." While this tort requires publicity to the public or several people (Comment a to Restatement) and no publicity is alleged here, the harm that both the common law tort, "Publicity Given to Private Life," and § 1692c(b) seek to remedy is the same: it protects people's privacy. The Plaintiff need not show that each element of the common law tort is the same. *TransUnion* at 2207. The harms are closely related. Having personal information made public, like information regarding a debt, is the same injury as having it made known to one other person or entity; it is just a matter of degree. After *TransUnion* was decided, the Ninth Circuit Court of Appeals considered whether a plaintiff, who complained of

1 | violations of the Fair Credit Reporting Act, had concrete injuries (as opposed to merely procedural violations of the statute) sufficient to confer standing. *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092 (9th Cir. 2022). The *Tailford* court noted that "[t]he interest in consumer privacy resembles other reputational and privacy interests that have long been protected in the law." *Id.* at 1099. It held that the plaintiffs had standing because the procedural violations alleged protected substantive rights, including privacy interests long protected by traditional torts. *Id.* at 1099-1100. As was found in *Tailford,* the violation of § 1692c(b) here is itself is a "concrete injury" - violation of privacy – a harm that is traditionally recognized as requiring a remedy. (This Court notes that in *Tailford,* specific injuries were set out in more detail than here, in Plaintiff's Complaint.)

The Ninth Circuit Court of Appeals has not ruled on whether a violation of § 1692c(b), based on the disclosure to a single party or company, without reference to injury, results in a concrete injury sufficient to confer standing in federal court. The Defendant points to a decision from the Eleventh Circuit Court of Appeals, *Hunstein v. Preferred Collection & Mgmt Servs.,* 48 F4th 1236 (11th Cir. 2022), which held that a plaintiff, who brought a § 1692c(b) claim against a debt collector based on a letter from a third party vendor, did not have a concrete injury and so did not have standing. The *Hunstein* court found that the harms from public disclosure and private disclosure are different, so different that the plaintiff did not have standing to assert his claim in federal court. This out of circuit decision is not binding.

In the Ninth Circuit Court of Appeals, it appears that statutory provisions that protect consumer privacy are sufficient to confer standing. *Tailford* at 1099. The Defendant's motion (Dkt. 12) should be denied.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant IQ Data International, Inc.'s Motion for Judgment on the Pleadings (Dkt. 12) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 3rd day of May, 2023.

*[signature]*

ROBERT J. BRYAN
United States District Judge